IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KAREN SCHAFFNER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-0924-D |
| | § | |
| CITY OF DALLAS | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Karen Schaffner, appearing *pro se*, has filed a motion to proceed *in forma pauperis* in this discrimination and retaliation case brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*, and 42 U.S.C. § 1981. For the reasons stated herein, the motion should be denied.

A district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The court must examine the financial condition of the applicant in order to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir.), *cert. denied*, 109 S.Ct. 364 (1988). A court enjoys limited discretion to grant or deny *in forma pauperis* status based on the financial resources of the litigant. *See Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 337, 69 S.Ct. 85, 88, 93 L.Ed. 43 (1948).

Plaintiff has submitted an affidavit which states that she is unable to pay the costs of this action or to give security therefor. However, plaintiff has $38,000.00 in a money market account and more than $39,000.00 in a checking account. Moreover, plaintiff has already paid the $350.00 statutory filing fee. In view of these facts, the court determines that plaintiff is able to pay the costs of this suit without causing undue financial hardship.

<b><u>RECOMMENDATION</u></b>

Plaintiff's motion to proceed *in forma pauperis* [Doc. #2] should be denied.[1]

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 12, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Because plaintiff has paid the filing fee, she is responsible for serving the defendants with a summons and complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 4(c).